UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

MICHELE SNYDER,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff MICHELE SNYDER a Washington resident and citizen, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida, doing business as CARNIVAL CRUISE LINES, (CARNIVAL) and alleges:

**JURISDICTION, VENUE AND PARTIES**

1.    This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2.    Plaintiff MICHELE SNYDER is sui juris and at all material times has been a citizen and resident of the state of Washington.

3.    Defendant CARNIVAL CORPORATION is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all material times Defendant CARNIVAL CORPORATION, has done business under the fictitious name "CARNIVAL

MICHELE SNYDER v. CARNIVAL CORP.

CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. §1332. As alleged above, Plaintiff is a citizen and resident of the State of Washington and Defendant for jurisdictional purposes is a citizen of the State of Florida. The amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional amount of $75,000. The damages and injuries alleged in Paragraphs 17 and 18 below, including a left wrist fracture, support an award of damages in excess of $75,000.

5. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, through having its principal place of business there, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in business in this district, so venue is proper in this Court.

7. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9. Venue is also proper in this district because CARNIVAL's principal place of business is located within this district.

10. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff's trip and fall and resulting injuries were reported to Defendant CARNIVAL at the time they occurred.

## **LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS**

11. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL M/S "BREEZE."

12. At all material times, including the injury date of August 7, 2021, the Plaintiff was a fare paying passenger who had purchased a ticket to board the CARNIVAL M/S "BREEZE" and in that capacity was lawfully present in a passenger terminal operated and controlled by Defendant CARNIVAL in Galveston, Texas.

13. At all material times, including the injury date of August 7, 2021, there existed a dangerous condition in the passenger terminal referenced in the preceding paragraph, specifically a low-lying obstacle, the remains of a steel or concrete base of a stanchion, which posed a tripping hazard to passengers traversing the area within the terminal.

14. Immediately after the Plaintiff tripped, a CARNIVAL crewmember admitted to her that the obstacle mentioned in the preceding paragraph had been placed or left in an area in which it was hazardous for passengers and therefore should not have been left, and that CARNIVAL knew or should have known that it was dangerous to passengers to leave the obstacle in that location.

15. At all material times, the obstacle referenced in the preceding paragraph was in a high traffic area due to its frequent use by passengers using the terminal.

16. At all material times, including the injury date of August 7, 2021, the Defendant had actual or constructive notice of the object described in Paragraph 13 and 14, and the danger it

3

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

posed to passengers traversing the terminal where the remains of a steel or concrete base of a stanchion was located. Defendant's notice came from: a) inspections of the area by its crewmembers; b) the existence of the condition for a sufficient period of time to invite corrective measures, as evidenced by Exhibit 1, a photograph of the area where Plaintiff tripped taken shortly after she tripped, showing a circular rusty stained area in the location where the stanchion base had been located and thereby indicating that the base had been present for a significant period of time before Plaintiff fell; c) on information and belief, prior trip and fall incidents on improperly placed obstacles in the terminal or similar passenger terminals operated by CARNIVAL, and d) the actual or constructive notice admitted by the crew member as referenced in Paragraph 14.

17. On August 7, 2021, while lawfully present in the passenger terminal described in Paragraph 12 as a passenger who had purchased a ticket to board the CARNIVAL "BREEZE," the Plaintiff was walking in the terminal when she tripped on the remains of the base of a stanchion as a referenced in Paragraphs 13 and 16 above and thereby fell, sustaining injuries including a fracture to her left wrist.

18. As a direct and proximate result of the trip and fall described in the preceding paragraph, the Plaintiff was injured in and about her body and extremities, suffered pain and mental anguish therefrom and sustained disfigurement, disability, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries, the future medical damages being reasonably certain to occur. She has sustained aggravation or activation of preexisting injuries and conditions. Furthermore, she has lost earnings and sustained a loss of capacity to earn money in the future. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

## COUNT I - NEGLIGENT MAINTENANCE

19. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 18 above and further alleges the following matters.

20. At all material times Defendant CARNIVAL owed the Plaintiff MICHELE SNYDER, as a fare paying passenger traversing a passenger terminal operated by CARNIVAL, a duty of reasonable care for her safety, including a duty to maintain the area within the passenger terminal in a condition reasonably safe for passenger use.

21. At all material times there existed a risk creating condition in the terminal as described in Paragraph 13 above.

22. At all material times the Defendant had actual or constructive notice of the risk creating condition referenced above, for the reasons alleged in Paragraphs 14 through 16 above.

23. Notwithstanding its actual or constructive knowledge of the dangerous condition of the terminal referenced above, Defendant CARNIVAL failed to correct the hazardous condition before the Plaintiff tripped and fell as alleged in Paragraph 13 above.

24. The specific material negligent acts and omissions by CARNIVAL included failure to conduct sufficient routine inspections of the terminal in question, failure adequately to maintain the terminal, failure to detect and remove the obstacle over which Plaintiff tripped in a timely manner, and failure to cordon off the dangerous area pending removal of the obstacle.

25. As a direct and proximate result of the negligence of CARNIVAL described above, the Plaintiff MICHELE SNYDER tripped and fell as described in Paragraph 17 above and thereby has sustained and will continue in the future to sustain the damages described in Paragraph 18 above.

MICHELE SNYDER v. CARNIVAL CORP.

**WHEREFORE,** the Plaintiff MICHELE SNYDER demands judgment against Defendant CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

### **COUNT II - NEGLIGENT FAILURE TO WARN OF HAZARD**

26. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 18 above and further alleges the following matters.

27. At all material times Defendant CARNIVAL owed the Plaintiff MICHELE SNYDER, as a fare paying passenger traversing a passenger terminal operated by CARNIVAL, a duty of reasonable care for her safety, including a duty to warn her of onboard conditions posing hazards, such as the improperly placed obstacle referenced in Paragraph 13.

28. At all material times there existed hazardous conditions on the terminal referenced in Paragraph 13, as described in Paragraph 13.

29. At all material times the Defendant had actual or constructive notice of the hazardous conditions referenced in Paragraph 13 above, for the reasons alleged in Paragraphs 14 through 16 above.

30. Notwithstanding its actual or constructive knowledge of the dangerous condition of the terminal as alleged above, Defendant CARNIVAL failed at all material times to warn passengers including the Plaintiff adequately of it by orally delivered or written warnings, appropriate signage or markings, cordoning off the dangerous area, or otherwise, and thereby failed to exercise reasonable care for the safety of its passengers and was thereby negligent.

31. As a direct and proximate result of the negligence of CARNIVAL described above, the Plaintiff MICHELE SNYDER tripped and fell as described in Paragraph 17 above and thereby

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

has sustained and will continue in the future to sustain the damages described in Paragraph 18 above.

**WHEREFORE,** the Plaintiff MICHELE SNYDER demands judgment against Defendant CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 5th day of August 2022.

*s/Nicholas Gerson*
Philip M. Gerson, Esq.
Florida Bar No.: 127290
pgerson@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
Edward S. Schwartz , Esq.
Florida Bar No. 346721
eschwartz@gslawusa.com
David L. Markel, Esq.
Florida Bar No. 78306
dmarkel@gslawusa.com
Gerson & Schwartz, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:    (305) 371-6000
Facsimile:    (305) 371-5749
***Attorneys for Plaintiff***